**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA 57501-2463**

**IRVIN N. HOYT**
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

October 31, 2005


Forrest C. Allred,
Chapter 7 Trustee
14 Second Avenue Southeast, Suite B
Aberdeen, South Dakota  57401

Thomas P. Tonner, Esq.
Counsel for Debtor
Post Office Box 1456
Aberdeen, South Dakota  57402

    Subject: *In re Roxanne R. Swiontek*,
                Chapter 7, Bankr. No. 05-10146

Dear Trustee and Counsel:

    The matter before the Court is Trustee Forrest C. Allred's Motion for Turnover and Debtor's objection thereto. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As set forth below, Debtor shall turn over to the bankruptcy estate under 11 U.S.C. § 542(a) her wages earned but not paid (less mandatory deductions) and, eventually, the estate's share of her federal income tax refund for tax year 2005.

*Summary*.
    The parties' stipulated facts filed September 21, 2005, are incorporated by reference herein.

    The parties have submitted three issues: What portion of Debtor's bank account on the petition date is property of the estate? What portion of Debtor's 2005 tax year refund is property of the estate? What amount of Debtor's earned but unpaid wages are property of the estate?

In re Swiontek
October 31, 2005
Page 2

*Discussion.*

Bank account. At the exact time that Debtor filed her petition, there was $2,069.59 in her bank account. Those funds became property of the bankruptcy estate, subject to any exemption claim by Debtor. At the time of the petition, there also existed the opportunity for a "stop payment" order to be made on two checks (totaling $1,153.17) that were cashed shortly before Debtor's petition was filed. To the extent that Debtor had the power to make a stop payment request on those two checks,[1] that power also became property of the bankruptcy estate. Debtor did not have the power to exercise the stop payment option after the petition and, therefore, does not need to account for that power or the value of the checks cashed earlier that day. Whatever value that power to stop payment may now hold, it belongs to the bankruptcy estate.

Tax refund. This Court has long held that the bankruptcy estate and a Chapter 7 debtor divide a federal income tax refund based on the date of filing. *See, e.g., In re Joel L. and Diane J. Torigian*, Bankr. No. 95-10202, slip op. (Bankr. D.S.D. July 5, 1996). As Trustee Allred correctly calculated, the estate's share in this case is 129/365 of whatever Debtor eventually receives. Until that refund check is received, however, Debtor does not need to turnover anything to the estate. Instead, Trustee Allred should file a notice with the Internal Revenue Service under Local Bankr. R. 6070-1 and, upon receipt of the refund, pay to Debtor her share of whatever amount is received.

This Court further concludes that the nature or statutory basis for the federal income tax refund or the application of certain credits generally do not affect what portion of the refund is estate property. Though at least one other court has ruled to the contrary, *see In re Schwarz*, 314 B.R. 433 (Bankr. D. Neb. 2004), I can find no basis for diluting the estate's share of a federal income tax refund because of the existence of a certain type of credit. As noted in *In re Barrow*, 306 B.R. 28, 30-31 (Bankr. W.D.N.Y. 2004),

---

[1] The parties' stipulated facts did not elaborate on the nature of the "stop payment" order so as to describe who could exercise it and under what circumstances.

> The reality of the Internal Revenue Code is that the total tax is not necessarily linked to income, while the overpayment is not necessarily linked exclusively to income or withholdings. For many taxpayers, a significant portion of the refund is attributable not to these factors, but to any of a number of credits, such as the child tax credit or credits for education or for child and dependent care expenses.

Accordingly, whatever eligibility for a tax credit that a debtor may possess, there is no showing that under the property laws of this state the bankruptcy estate would not share in that eligibility and any tax refund that is a product of that credit. *See In re Beltz*, 263 B.R. 525, 527 (Bankr. W.D. Ky. 2001)(estate property in a Chapter 13 case include all federal income tax refunds received during the pendency of the case, including any Federal Child Tax Credit). That is especially true here where Debtor's entitlement to the child tax credit carried over from the 2004 tax year.

<u>Wages earned but not paid on petition date</u>. Trustee Allred wants as estate property all the wages that Debtor had earned before the petition date but which had not yet been paid to her. In her opposition, Debtor first cited S.D.C.L. § 15-20-12 and argued this statute allows her to exempt the wages "over and above" the $6,000 exemption allowed her under S.D.C.L. § 43-45-4. Debtor then seemingly argued that when S.D.C.L. §§ 21-18-51, 21-18-52, and 21-18-53 are read together, she is allowed to exempt all but $227.30 of the accumulated wages.

Section 15-20-12 provides:

> The judge may order any property of the judgment debtor not exempt from execution in the hands either of himself or any other person or due the judgment debtor to be applied to the satisfaction of the judgment; except that the earnings of the debtor for his personal services at any time within sixty days next preceding the order cannot be so applied when it is made to appear by the debtor's affidavit or otherwise that such earnings are necessary for the use of a family supported wholly or partly by his labor.

In re Swiontek
October 31, 2005
Page 4


There is no South Dakota case law interpreting this section under similar circumstances.

Sections 21-18-51 through -53 govern garnishments. Section 21-18-51 sets forth a calculation for determining how much of a debtor's weekly disposable earnings may be subject to garnishment. Section 21-18-52 sets forth a calculation for determining how much of a debtor's weekly disposable earnings may be subject to garnishment in enforcement of a domestic support order. Section 21-18-53 provides:

> The earnings of a debtor are exempt from process or levy only to the extent provided in §§ 21-18-51 and 21-18-52.

This Court has previously held that § 21-18-53 precludes a debtor from exempting wages under S.D.C.L. § 43-45-4. *In re Gregory D. Zike, Sr.*, Bankr. No. 03-41477, slip op. (Bankr. D.S.D. Dec. 30, 2003). In that same decision, the Court concluded that § 15-20-12 did not expand a debtor's exemptions in wages already garnished. *Id.* In this case, however, Debtor's earned but unpaid wages had not been garnished and were still in the hands of her employer. Does § 15-20-12 allow her to exempt those wages to the extent they are needed for use of a family supported by Debtor?

The Court concludes § 15-20-12 is not an exemption statute recognized in bankruptcy in addition to § 43-45-4. First, § 15-20-12 is part of South Dakota's proceedings supplementary to execution. The statute is not a part of a debtor's usual personal property exemptions. *See* S.D.C.L. ch. 43-44. In fact, S.D.C.L. § 43-45-14 restates § 21-18-53 and provides that earnings are exempt only to the extent provided by §§ 21-18-51 and 21-18-52.

Further, under § 15-20-12, a debtor may only protect earnings, assuming necessity is shown by affidavit, for sixty days after an order is entered applying property to the satisfaction of a judgment. Based on the present record, no such state court order existed on the petition date.

Finally, even if § 15-20-12 is an exemption statute applicable in bankruptcy, Debtor, who has no dependents, does not have the requisite family under § 15-20-12 that she needs to support with her wages. Though § 15-20-12 does not define "family," as used in

In re Swiontek
October 31, 2005
Page 5


§ 43-45-4, the term requires a debtor to have dependents. *In re Jean D. Olson*, Bankr. No. 05-40226, slip op. (Bankr. D.S.D. July 21, 2005). Since § 15-20-12 would also be a personal property exemption, the Court concludes a similar definition of family would apply.

Debtor's earned but unpaid wages on the petition date totaled $1,220.66 (earnings less federal income tax). Any other mandatory deductions (health insurance, etc.) should also be deducted. The balance is property of the estate that Debtor (or her employer) must turn over to the bankruptcy estate.

Trustee Allred shall submit an order in compliance with this letter decision.

                                        Sincerely,

                                        Irvin N. Hoyt
                                        Bankruptcy Judge

INH:sh

CC: case file (docket original; serve parties in interest)


I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

OCT 3 1 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

OCT 3 1 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

Allred Forrest C.
14 Second Ave SE Ste B
Aberdeen, SD 57401

Gering Bruce J.
Office of the U.S. Trustee
230 S Phillips Ave, Suite 502
Sioux Falls, SD 57104-6321

Swiontek Roxanne Renee
909 - 4th Ave. SE
Aberdeen, SD 57401

Tonner Thomas P.
PO Box 1456
Aberdeen, SD 57402-1456